IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GISCARD MINYOBE,

                Plaintiff,

v.

CHRIS WILSON, Deputy Sheriff of Sumter County, in his individual and official capacity, and PETE SMITH, Sheriff of Sumter County, in his individual and official capacity,

                Defendants.

1:15-cv-654-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants Chris Wilson and Pete Smith's (together, "Defendants") Motion to Dismiss Complaint or Motion to Transfer Venue [4] ("Motion").

### I.  BACKGROUND

On April 10, 2013, Wilson, the Deputy Sheriff of Sumter County, Georgia, began investigating the unauthorized use of a credit card (the "Credit Card") that belonged to Steven R. Bowen. (Compl. ¶ 14). The Credit Card was used to purchase speakers from Sweetwater Sound Incorporated ("Sweetwater") in Ft. Wayne, Indiana. (Id. ¶ 15). According to an invoice Wilson obtained from

Sweetwater, the speakers were ordered to be shipped to 1635 Pirkle Road, Apt. 1418, Norcross, VA 30093, which is in the Oakbrook Pointe Apartments complex ("Oakbrook"). (Id. ¶ 16).

Seeking to determine the identity of the individual residing in Apartment 1418 (the "Apartment"), Wilson contacted Oakbrook by telephone, and asked an employee to provide him with the identity of the Apartment's resident. (Id. ¶¶ 20-22). Wilson also contacted the Gwinnett County Sheriff's Office attempting to identify the Apartment's resident. (Id. ¶ 26).

On May 9, 2013, Judge George Peagler of the Sumter County Superior Court signed a subpoena ordering Oakbrook to release the identity of the Apartment's resident. (Id. ¶ 27). Oakbrook identified Plaintiff as the resident of the Apartment. (Id. ¶ 29). On May 15, 2013, Wilson contacted Plaintiff via telephone, and told Plaintiff that he needed to come to Sumter County to discuss the matter further. (Id. ¶ 35). On May 22, 2013, Wilson secured a warrant for Plaintiff's arrest from the Sumter County Magistrate Judge. (Id. ¶ 38; Wilson Aff. [4.2] ¶ 10). Plaintiff claims that, after the arrest warrant was issued, Sheriff Smith contacted him via telephone and accused him of stealing the Credit Card. (Id. ¶ 41). On January 9, 2014, Gwinnett County law enforcement officers arrested

Plaintiff.  (Id. ¶ 45).  Either that same day or the day after, he was transferred to Sumter County.  (Id.).[1]

On March 4, 2015, Plaintiff filed this action against Defendants, alleging causes of action under 42 U.S.C. § 1983, malicious prosecution, intentional infliction of emotional distress, and false imprisonment.

On May 8, 2015, Defendants filed their Motion, arguing that Plaintiff's official capacity claims against Wilson and Smith should be dismissed.  Defendants also seek dismissal of the Complaint [1] for improper venue, or, in the alternative, transfer to the Middle District of Georgia, where Defendants argue venue is proper.  On May 23, 2015, Plaintiff filed a response [5] ("First Response"), in which he "agrees to dismiss this action against Defendant Smith and Defendant Wilson in their official capacities" and states he will file an amended complaint reflecting such.  As of this date, Plaintiff has not filed an amended complaint.  Also on May 23, 2015, Plaintiff filed another response [6] ("Second Response"), in which he argues that a substantial part of Defendants'

---

[1]     Defendants allege that Plaintiff was transferred to Sumter County on January 10, 2014.  (Mot. at 5).  The Complaint, though ambiguous, suggests Plaintiff was transferred on January 9, 2014, the same day he was arrested.  (Compl. ¶ 45).

alleged conduct occurred within the Northern District of Georgia, and therefore venue is proper.

## II. DISCUSSION

### A. Legal Standard

Venue for Section 1983 actions is governed by the general venue provisions of 28 U.S.C. § 1391(b), which provides that venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

See New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying Section 1391(b) venue provision to Section 1983 action).

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action for improper venue. "The plaintiff has the burden of showing that venue in the forum is proper." Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (citing Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352,

1355 (11th Cir. 1990)).  When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  Whether to dismiss or transfer is within the discretion of the Court.  See Pinson, 192 F. App'x at 817; Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).

    B.    Analysis

Plaintiff argues that venue is proper under Section 1391(b)(2) because a "substantial part of the events" giving rise to Plaintiff's claim occurred in the Northern District of Georgia.  The Eleventh Circuit has held that, in considering whether venue is proper under Section 1391(b)(2), "[o]nly the events that directly give rise to a claim are relevant.  And of the places where the events have taken place, only those locations hosting a 'substantial' part of the events are to be considered."  Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003).  In some cases, "venue will be proper in two or more districts."  Id.

In determining whether venue is proper, the Court is required to "focus on relevant activities of the defendant, not of the plaintiff."  Id. at 1371-72.  In Jenkins, the Eleventh Circuit rejected a "minimum contacts"-style personal

5

jurisdiction analysis in favor of an analysis focusing on whether the acts "have a close nexus to the wrong." Id. at 1372.

Plaintiff attempts to show venue is proper by linking Defendants' actions to the Northern District of Georgia. Plaintiff claims that he was "arrested in Gwinnett County, Georgia on an arrest warrant secured by Defendant Wilson," and that Smith traveled to Gwinnett County to take Plaintiff to Sumter County. (Second Resp. at 7). Contradicting himself, Plaintiff then claims that it was "agents on the behalf of Defendant Smith [who] seized the Plaintiff person in the Northern District of Georgia and subsequently transported the Plaintiff to Sumter County." (Id. at 8). He also claims that "the gravamen of the Plaintiff's complaint is that he was 'illegally seized/arrested,'" an action that took place in this district. (Id.).

Plaintiff alleges that he was arrested in Gwinnett County on an arrest warrant secured by Wilson through alleged false statements before a Sumter County Magistrate. This allegation is closer to the "minimum contacts"-style analysis rejected by the Eleventh Circuit. A showing of a "close nexus" is what is required here. Jenkins, 321 F.3d at 1371-72. Plaintiff does not allege that Wilson secured the warrant while he was in the Northern District. Plaintiff here argues in his memorandum in opposition to the Motion that Smith traveled to Gwinnett

6

County to transfer Plaintiff to Sumter County, but his Complaint does not allege—and Plaintiff offers no evidence to support—this claim. Plaintiff, in fact, later contradicts this assertion, stating it was Smith's agent who transferred him.

Plaintiff claims that Smith's agent was Clyde Rutherford, a Sumter County deputy sheriff. (Second Resp. at 8).[2] Plaintiff appears to argue that, because Rutherford was Smith's agent, Smith is responsible for Rutherford's actions for purposes of the venue analysis. (Id.). Plaintiff does not cite to any case law to support this proposition. Even if Plaintiff could establish that Rutherford's alleged actions are imputed to Smith for purposes of the venue analysis, Rutherford's alleged act of transferring Plaintiff to Sumter County is insufficient to establish venue. Plaintiff's claims do not arise out of his transfer.[3, 4]

---

[2] Plaintiff raises this argument for the first time in his Second Response. The Court notes that Plaintiff's Complaint does not allege that Defendants had any direct involvement in Plaintiff's arrest or transport to Sumter County.

[3] At most, Rutherford's alleged actions may suffice under the "minimum contacts"-style analysis rejected by the Eleventh Circuit. See Jenkins, 321 F.3d at 1372.

[4] Plaintiff also relies on two phone calls Wilson and Smith allegedly made. (Second Resp. at 2-4). Plaintiff, however, does not allege that either call was made within the Northern District or that the calls give rise to his claims. These allegations are insufficient to establish that venue is proper is in this district.

Plaintiff has failed to sufficiently allege that *Defendants'* actions in the Northern District of Georgia, if any, give rise or have a close nexus to Plaintiff's claims.  See id.; see also Kapordelis v. Danzig, 387 F. App'x 905, 906 (agreeing with New York court that plaintiff's arrest and four-day detention in New York before transfer to Georgia did not "give rise" to his claims of malicious prosecution and thus venue was improper in New York).  To the contrary, Plaintiff's allegations show that Defendants' relevant acts occurred almost exclusively in Sumter County.  Defendants' allegedly insufficient investigation of Plaintiff took place in Sumter, their allegedly false statements in securing a warrant for Plaintiff's arrest took place in Sumter, and Defendants were, at all relevant times, located in Sumter.  (See Wilson Aff. ¶¶ 7-13).  The Court, therefore, finds that venue is improper in the Northern District of Georgia.

To the extent Defendants move the Court to dismiss this action for improper venue, however, that motion is denied.  Plaintiff appears to state a claim upon which relief can be granted, and the interests of justice require that this matter be transferred to the Middle District of Georgia.  28 U.S.C. § 1406(a); see also Direct Response Prods, Inc. v. Roderick, No. 1:13-cv-945-WSD, 2013 WL 5890407, at *7 (N.D. Ga. Nov. 1, 2013).

Defendants also move the Court to dismiss Plaintiff's official capacity claims against Wilson and Smith. (Mot. at 8-9). Plaintiff indicated that:

> Plaintiff agrees to dismiss this action against Defendant Smith and Defendant Wilson in their official capacities and will hereby amend his complaint as a *Matter of Course* pursuant to Rule 15(a)(1)(A) of the Federal Rule[s] of Civil Procedure on the grounds that the Plaintiff is still within twenty-one (21) days after the Defendants' acknowledgement of service of the Plaintiff's summons and complaint on May 8, 2015.

(First Resp. at 2). To date, Plaintiff has not filed an Amended Complaint. Because Defendant's motion to dismiss Plaintiff's official capacity claims against Wilson and Smith is unopposed, Defendant's motion is granted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Chris Wilson and Pete Smith's (together, "Defendants") Motion to Dismiss Complaint or Motion to Transfer Venue [4] is **GRANTED IN PART** and **DENIED IN PART**. Defendants' Motion to Dismiss the Complaint for improper venue is **DENIED**. Defendant's Motion to Transfer Venue is **GRANTED**. Defendant's Motion to Dismiss Plaintiff's claims against Defendants in their official capacities is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is hereby **TRANSFERRED** to the United States District Court for the Middle District of Georgia.

**SO ORDERED** this 7th day of November, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE